IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER THOMAS, #245 421, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-45-TMH |
| | ) | [WO] |
| OFFICER LUCIO, MONTGOMERY | ) | |
| COUNTY SHERIFF DEPUTY, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate incarcerated at the Bibb Correctional Facility in Brent, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on December 23, 2013, against Officer Lucio of the Montgomery County Sheriff's Department.[1]  He challenges a delay in medical treatment for a gunshot wound following his transport to the Montgomery County Sheriff's Department. Plaintiff requests trial by jury and compensatory and punitive damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Although the Clerk stamped the present complaint "filed" on January 21, 2014, the complaint was signed by Plaintiff on December 23, 2013.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Thomas signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers December 23, 2013, as the date of filing.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires

## I.  THE COMPLAINT

Plaintiff's complaint against Defendant Lucio is as follows:

On December 19, 2011, I was transport [sic] to the Montgomery County Sheriff Office where I was held with three gun shot wounds to my body and deliberately denied medical treatment for hours while I lay on a bed suffering and in pain pleading for medical care and denied.

*Doc. No. 1* at 3.

## II.  DISCUSSION

Plaintiff's complaint is subject to dismissal as it is filed beyond the applicable statute of limitation. As the action about which Plaintiff complains occurred on December 19, 2011, it is clear from the face of the complaint that Plaintiff's claims relating to the provision of medical care for his gunshot wounds are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So. 2d 263, 269-70 (Ala. 1981).

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar.  *Ala. Code* § 6-2-38(l).  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The action about which Plaintiff complains occurred on December 19, 2011.  That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996.  *See Ala. Code* § 6-2-8(a) (1975, as amended).[3]  Consequently, the applicable statute of limitations expired on the claims arising from Plaintiff's alleged delayed medical care on December 19, 2013.  Plaintiff filed the instant complaint on December 23, 2013.  This filing, with respect to his claims, was after the applicable  limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative  defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir.

---

[3]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision.  In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

3

1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those matters related to his allegation of delayed medical care on December 19, 2011, is brought more than two years after the violations about which he complains accrued. In light of the foregoing, the court concludes that Plaintiff's complaint is barred by the applicable statute of limitations and, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. §

4

1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the constitutionality of medical care he received on December 19, 2011, be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as this claim is not filed within the time prescribed by the applicable period of limitations;

2.  This case be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

In light of the Recommendation of the Magistrate Judge, it is

ORDERED that all pending motions (*Doc. Nos. 3, 4*) are DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 28, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE